IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLUE BELL INN, INC. )
601 Skippack Pike )
Blue Bell, PA 19422, )
        Plaintiff, )
 )
v. )
 )
ANDREW KAMARATOS and )
AGGI, L.P., d/b/a BLUE BELL DINER, )
1324 Skippack Pike )
Blue Bell, PA 19422, )
        Defendants. )

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff, Blue Bell Inn, Inc. ("Blue Bell Inn"), by and through its attorneys, for its complaint against the above named Defendants, alleges as follows:

**THE PARTIES**

1. Plaintiff, Blue Bell Inn, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and has its principal place of business at 601 Skippack Pike, Blue Bell, PA 19422.

2. Defendant, Andrew Kamaratos, is an individual residing, on information and belief, at 647 Store Road, Harleysville, Pennsylvania 19438-2717, and is a partner in a limited partnership, AGGI, L.P., having an address at 1340 East Ridge Pike, Plymouth Meeting, Pennsylvania 19462.

3. Defendant, AGGI, L.P., is a limited partnership, which owns and operates a business under the fictitious name, Blue Bell Diner, located at 1324 Skippack Pike, Blue Bell, Pennsylvania 19422.

## JURISDICTION

4. Jurisdiction over the federal claims in this action arises under the Trademark Law of the United States, The Lanham Act Sections 32, 39 and 43(a), 15 U.S.C. §§ 1114, 1121 and 1125(a).

5. Venue is proper under the Judicial Code of the United States, 28 U.S.C. § 1338 and §1391, in that the events giving rise to this action occurred in this District and Defendants can be found in this District.

6. This action arises out of Defendants' operation of a restaurant under the name, "Blue Bell Diner", in the vicinity of the Plaintiff's restaurant operating under the name, "Blue Bell Inn."

## FACTS COMMON TO ALL COUNTS

7. Blue Bell Inn has been, and presently is, engaged in providing restaurant services at the address indicated above and has been well-known throughout the community for more than fifty years.

8. Blue Bell Inn secured and duly registered its trademarks and owns the United States Trademark Registration numbers 1,758,963 ( "BLUE BELL INN"); 1,862,871 (design of a blue bell and ribbon); and 1,899,357, "BLUE BELL CAFÉ" (copies attached as Exhibits A, B and C). These registrations have been accorded incontestability status.

9. On information and belief, Defendants are in the business of rendering restaurant services under the name, "Blue Bell Diner Restaurant," using a blue bell and ribbon (Exhibit D).

10. Prior to the Defendants' adoption and use of the name, "Blue Bell Diner Restaurant", and the blue bell and ribbon logo, they were advised of Plaintiff's trademark rights and registrations and requested to select another name for their restaurant in order to avoid any legal problems (copy of communication attached as Exhibit E).

11. Subsequently, the Defendants adopted and used the mark, BLUE BELL DINER

RESTAURANT, and the blue bell and ribbon logo in commerce.

12. Thereafter, Defendants were again advised of Blue Bell Inn's registrations with the request that they cease and desist their use of the marks, in violation of Blue Bell Inn's trademark rights (copy of communication attached as Exhibit F).

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT AGAINST ALL DEFENDANTS

13. Plaintiff repeats and realleges paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff has established good will in its marks.

15. As a result of Plaintiff's extensive use and promotion of Plaintiff's marks, Plaintiff's marks have acquired considerable value and have become extremely well known to the consuming public as identifying and distinguishing the services emanating from Plaintiff.

16. Defendants have advertised and used in commerce the service mark, BLUE BELL DINER RESTAURANT, and a blue bell and ribbon logo in connection with restaurant services in the vicinity of Plaintiff's restaurant operated under the "BLUE BELL INN" trademark, together with the blue bell and ribbon design.

17. Defendants' business knowingly trades on and exploits Plaintiff's marks and reputation. The channels of trade and information distribution regarding the marks of the parties is the same for both the Plaintiff and the Defendants.

18. Defendants' use of the name and logo, both of which designations are confusingly similar in sight, sound and meaning to Plaintiff's registered marks, infringes Plaintiff's federally registered trademarks identified above.

19. Defendants' acts and conduct as set forth above constitute willful infringement of Plaintiff's trademarks.

20. The Defendants' use of colorable imitations of Plaintiff's marks are material, false descriptions and representations tending falsely to describe or represent Defendants' services, and are designed to deceive, and have tendency to deceive, and have deceived buyers and customers of those services as to the source of origin of the services.

21. The aforesaid deception by the Defendants is designed to influence, and is likely to influence, and has influenced the decision of buyers concerning the purchase of restaurant services.

22. Defendants intentionally placed the false statements and caused them to be placed in the media and in interstate commerce with the intent of deceiving the purchasing public as to the source of origin of the services of Defendants.

23. The action of the Defendants complained of herein have been fully undertaken without license or permission of the Plaintiff.

24. Defendants have wrongfully profited from the above-described infringing uses.

25. Plaintiff has been irreparably harmed by Defendants' acts as aforesaid.

WHEREFORE, Plaintiff, Blue Bell Inn, prays for entry of judgment providing that:

    a. Defendants have infringed upon Plaintiff's registered trademarks;

    b. Defendants' infringement of said trademarks has been willful and deliberate;

    c. Defendants, their officers, agents, employees, privies, successors and assigns, and all persons and entities holding by, through or under them, and those acting for or in concert with them or in their behalf, be preliminarily and permanently enjoined from further infringement;

    d. Defendants, their officers, agents, employees, privies, successors and assigns, and all persons and entities holding by, through or under them, and those acting for or in concert with them or in their behalf, be permanently enjoined and restrained from:

        i. Using Plaintiff's service marks, BLUE BELL INN and the blue bell

and ribbon design, BLUE BELL CAFÉ, or any reproduction, counterfeit, copy or colorable imitation thereof, such as the "BLUE BELL DINER" and the blue bell and ribbon design and "BLUE BELL DINER RESTAURANT" used by the Defendants, as a trademark or service mark, in any way, such as part of a domain name, or in any other way connected with their services;

        ii.        Competing unfairly with Plaintiff in any way in the rendition of restaurant services through the use of the Plaintiff's marks, or any colorable imitations thereof;

        iii.        Causing likelihood of confusion with products or services originating from Plaintiff by using Plaintiff's marks, or any colorable imitations thereof;

    e.    Defendants be adjudged to have infringed Plaintiff's service mark rights and thereby to have competed unfairly with Plaintiff;

    f.    Defendants be adjudged to have created a likelihood of injury to Plaintiff's business reputation and dilution of Plaintiff's service marks and forms of advertisement;

    g.    Defendants be required to take appropriate measures to correct any confusion caused by their infringing activities;

    h.    Defendants account for and pay to Plaintiff all damages caused to Plaintiff by Defendants' infringement of Plaintiff's service marks, and that such damages be enhanced in view of the deliberate and wilful nature of the infringement of said service marks. In assessing damages, that the Court enter judgment, according to the circumstances of this case, for any sum above the amount found as actual damages up to three times of such amount; such damage to include, *inter alia*, or in the alternative, lost profits (whichever are greater);

    i.    Plaintiff be granted its reasonable attorneys' fees and costs of this action; and

    j.    Plaintiff be granted such other and further relief as the equities of this case may require and the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF §43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a)) AGAINST ALL DEFENDANTS

26. Plaintiff repeats and realleges paragraphs 1 through 12 as if fully set forth herein.

27. This is a claim for false designation of origin arising under the Trademark Laws of the United States, Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

28. Defendants' use of the trademark, BLUE BELL DINER RESTAURANT and the blue bell and ribbon logo associated with it in connection with the marketing and rendering of restaurant services is likely to cause, and has caused, mistake or to deceive and has caused deception amongst purchasers in the erroneous belief that the services emanate from, are endorsed by or are authorized by or are associated or are sponsored by or in some way connected with Plaintiff's rendering of restaurant services under the Plaintiff's aforesaid marks.

29. The Defendants' acts and conduct set forth above constitute contributory and willful infringement of Plaintiff's federally registered trademarks and willful unfair competition with Plaintiff.

30. Defendants' acts aforesaid are in violation of 15 U.S.C. § 1125(a).

31. Plaintiff has been, and is likely to, continue to be damaged by Defendants' use of these false designations of origin and false descriptions and representations.

32. Plaintiff has been, and will continue to be, irreparably injured by Defendants' aforesaid acts and, accordingly, has no adequate remedy at law.

WHEREFORE, Plaintiff asks this Court to:

    a. Grant an injunction restraining and enjoining Defendants and all those in privity, consort or participation with them, against further acts of trademark infringement and unfair

competition by them in the use of the BLUE BELL mark and blue bell and ribbon logo.

    b.    Find that Defendants have infringed on Plaintiff's trademarks by the acts complained of.

    c.    Find that Defendants have unfairly competed with Plaintiff by their acts complained of herein.

    d.    Require Defendants to deliver up for destruction all articles, promotional and advertising material of any kind bearing the aforesaid trademarks or any colorable imitations thereof.

    e.    Award Plaintiff all of Defendants' profits and further award Plaintiff damages as a result of Defendants' willful infringement and unfair competition in a

n amount to be determined by an accounting, if necessary.

    f.    Award Plaintiff its attorneys' fees and costs;

    g.    Grant Plaintiff such other and further relief as the Court may deem just and proper in the circumstances; and

.    A jury trial is demanded for all issues triable to a jury.

    BLUE BELL INN, INC.

    By_____
    Frank J. Benasutti, Esquire
    Pennsylvania Attorney ID No. 04645
    Benasutti, P.C.
    One Boca Commerce Center
    551 N.W. 77th Street, Suite 111
    Boca Raton, FL  33487
    Tel.   561-994-5959
    Fax    561-994-5990
    email: IPTRIALS@aol.com

    and

Paul J. Downey, Esquire
Pennsylvania Attorney ID No. 14154
1806 Callowhill Street
Philadelphia, PA 19130
Tel.    215-568-2235
Fax    215-568-4297

Attorneys for Plaintiff