IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE BELL INN, INC. | ) | |
| 601 Skippack Pike | ) | |
| Blue Bell, PA 19422, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 02cv4068 JF |
| | ) | |
| ANDREW KAMARATOS and | ) | |
| AGGI, L.P., d/b/a BLUE BELL DINER, | ) | |
| 1324 Skippack Pike | ) | |
| Blue Bell, PA 19422, | ) | |
|     Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF, BLUE BELL, INC.'s MOTION FOR PRELIMINARY INJUNCTION AGAINST TRADEMARK INFRINGEMENT BY DEFENDANTS**

**SUMMARY**

This action arises out of Defendants' operation of a restaurant under the name, "Blue Bell Diner" together with a blue bell and ribbon logo, in the vicinity of the Plaintiff's restaurant operating under the name, "Blue Bell Inn." and using a similar blue bell and ribbon logo. Blue Bell Inn has been, and presently is, engaged in providing restaurant services at the address indicated above and has been well-known throughout the community for more than fifty years. Defendants adopted and began using their confusingly similar service mark and logo AFTER being advised of Blue Bell Inn's Federal incontestable trademark rights and AFTER being requested by Blue Bell Inn not to do so. Their infringing use is continuing.

**Background Facts**

---

Plaintiff, Blue Bell Inn, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and has its principal place of business at 601 Skippack Pike, Blue Bell, PA 19422.

Defendant, Andrew Kamaratos, is an individual residing, on information and belief, at 647 Store Road, Harleysville, Pennsylvania 19438-2717, and is a partner in a limited partnership, AGGI, L.P., having an address at 1340 East Ridge Pike, Plymouth Meeting, Pennsylvania 19462.

Defendant, AGGI, L.P., is a limited partnership, which owns and operates a business under the fictitious name, Blue Bell Diner, located at 1324 Skippack Pike, Blue Bell, Pennsylvania 19422.

Blue Bell Inn secured and duly registered its trademarks and owns the United States Trademark Registration numbers 1,758,963 ( "BLUE BELL INN"); 1,862,871 (design of a blue bell and ribbon); and 1,899,357, "BLUE BELL CAFÉ" (copies attached as Exhibits A, B and C). These registrations have been accorded incontestability status as shown by the status reports of the U.S. Patent and Trademark Office (included with each exhibit) indicating acceptance of Section 8 and 15 affidavits of use.

On information and belief, Defendants are in the business of rendering restaurant services under the name, "Blue Bell Diner Restaurant," using a blue bell and ribbon logo (Exhibit D).

Prior to the Defendants' adoption and use of the name, "Blue Bell Diner Restaurant", and

the blue bell and ribbon logo, the Defendants were advised of Plaintiff's trademark rights and registrations, with the request to select another name for their restaurant in order to avoid any legal problems (copy of communication attached as Exhibit E).

Subsequently, the Defendants adopted and used the mark, BLUE BELL DINER RESTAURANT, and the blue bell and ribbon logo, in commerce at the address indicated above.

Thereafter, Defendants were again advised of Blue Bell Inn's registrations with the request that they cease and desist their use of the marks in violation of Blue Bell Inn's trademark rights (copy of communication attached as Exhibit F).

Even after this lawsuit was commenced, the Defendants continued their use of Blue Bell Inn's trademarks.(See Exhibit G, attached.)

As a result of Blue Bell Inn's extensive use and promotion of its marks, Blue Bell Inn has established good will in its marks and the marks have acquired considerable value and have become extremely well known to the public.

Defendants have advertised and used in commerce the service mark, BLUE BELL DINER RESTAURANT, and a blue bell and ribbon logo in connection with restaurant services in the vicinity of Plaintiff's restaurant operated under the "BLUE BELL INN" trademark, together with the blue bell and ribbon design.

Defendants' business knowingly trades on and exploits Plaintiff's marks and reputation.

Defendants' use of the BLUE BELL name and logo designations are confusingly similar in sight, sound and meaning to Plaintiff's Federally registered, incontestable marks and serve to confuse the public as to the source of Defendants' services.

The channels of trade and information distribution regarding the marks and delivery of

services under the marks of the parties are the same for both the Plaintiff and the Defendants.

Plaintiff, Blue Bell Inn. Inc., is injured by the Defendants' continued use of the confusingly similar marks due to the public's confusion as to the source of services provided under the Plaintiff's registered marks.

In a prior action against Blue Bell Diner (Blue Bell Inn. v. Blue Bell Diner, civil action No. 95-897 U.S.D.C. E.D.PA. , 1995) the costs to defendant to stop using the Blue Bell Inn trademarks and logo and change over to another non-infringing mark were less than $4,300.00. That case was settled for less than that amount and the defendant therein stopped using the Blue Bell Inn trademarks and logo and agreed to change over to another non-infringing mark.

**Argument and Authorities**

In *OPTICIANS ASSOCIATION OF AMERICA v. INDEPENDENT OPTICIANS OF AMERICA et al*, 920 F.2d 187 (3rd Cir, 1990), the court of appeals instructed the lower court to enter a preliminary injunction, and in doing so, analyzed the factors dispositive of the present motion.

First, it noted that the marks were incontestable. The same is true of Blue Bell Inn's marks.

15 USC Section 1115 provides, in pertinent part:

To the extent that the right to use the registered mark has become incontestable ...the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce.

Next it found that the plaintiff had shown a probability of success on the merits. To do so,

plaintiff had to establish that the marks were valid and legally protectable, that they were owned by the plaintiff and that the defendants use of the marks to identify its services was likely to create confusion concerning the origin of the services.

Evidence of registration and incontestablity of the marks by the plaintiff (as is the case here) established both validity and ownership of the marks involved in OPTICIANS.

Evidence of likelihood of confusion is plenary, where (as here) there is no dispute as to the facts. Here, as a comparison of Exhibits A through C with Exhibits D and G shows, both parties use the same and similar marks for offering the same services to the public in the same vicinity, thereby creating a likelihood of confusion as to the source of origin of the services.

Next the court considered irreparable injury. There, as here, the concurrent use and infringement damaged the plaintiff's reputation and constituted irreparable injury for the purpose of granting a preliminary injunction. The court noted that where the plaintiff made a strong showing of likely confusion, irreparable injury followed as a matter of course. Plaintiff losses control of its reputation where, as here, it losses control of the nature and quality of the goods and services being supplied by the infringer under the plaintiff's marks. (id pp.195,196)

As to balancing the relative harm in granting or not granting an injunction, the court's finding in OPTICIANS that there was no greater harm on one party that on the other supported the issuance of an injunction. Here, in contrast, there is a greater harm to Plaintiff, Blue Bell Inn. Here, the defendants' losses as a result of not using the plaintiff's Blue Bell marks would stem not from their inability to render restaurant services, but rather from their inability to continue to infringe upon Blue Bell Inn's marks. Blue Bell Inn, on the other hand, would suffer lost business from misdirected clientele; as well as damage to its reputation.

The court in OPTICIANS also noted that the defendants had openly, intentionally and illegally appropriated the marks, despite being warned not to. The same is true here.

Finally the court stated that the public interest favored issuance of a preliminary injunction to preclude further use by the defendants of the plaintiff's marks, since the likelihood of confusion created by concurrent use of the marks, if continued, would damage the public interest. Once again, the same is true here. Restaurants operating under the same and substantially similar marks cannot be permitted to use their respective marks in the same geographic area. See Memorandum and Order in *ALASKA INC. v. ALASKA ICE CREAM COMPANY et al*, civil action no. 94-7589, E.D. PA. (copy attached as Exhibit H attached).

**Conclusion**

The Defendants' use of the Blue Bell name and logo consisting of a blue bell and ribbon, both of which designations are confusingly similar in sight, sound and meaning to Plaintiff's registered marks, infringes Plaintiff's federally registered trademarks identified above. Furthermore, the Defendants' acts and conduct as set forth above constitute willful infringement of Plaintiff's trademarks.

The Defendants' use of colorable imitations of Plaintiff's marks are material, false descriptions and representations tending falsely to describe or represent Defendants' services, and are designed to deceive, and have tendency to deceive buyers and customers of those services as to the source of origin of the services.

Plaintiff has been irreparably harmed by Defendants' acts as aforesaid.

WHEREFORE, Plaintiff, Blue Bell Inn, prays for entry of judgment providing that:

    a.    Defendants have infringed upon Plaintiff's registered trademarks;

  b. Defendants' infringement of said trademarks has been willful and deliberate;

  c. Defendants, their officers, agents, employees, privies, successors and assigns, and all persons and entities holding by, through or under them, and those acting for or in concert with them or in their behalf, be preliminarily enjoined from further infringement; and restrained from:

    i. Using Plaintiff's service marks, BLUE BELL INN and the blue bell and ribbon design, BLUE BELL CAFÉ, or any reproduction, counterfeit, copy or colorable imitation thereof, such as the "BLUE BELL DINER" and the blue bell and ribbon design and the designation "BLUE BELL DINER RESTAURANT" used by the Defendants, as a trademark or service mark, in any way, such as part of a domain name, or in any other way in connection with the services of defendants;

    ii. Competing unfairly with Plaintiff in any way in the rendition of restaurant services through the use of the Plaintiff's marks, or any colorable imitations thereof;

    iii. Causing likelihood of confusion with products or services originating from Plaintiff by using Plaintiff's marks, or any colorable imitations thereof;

  d. Defendants be required to deliver up for destruction all articles, promotional and advertising material of any kind bearing the aforesaid trademarks or any colorable imitations thereof.

  e. Plaintiff be granted its reasonable attorneys' fees and costs of bring this motion; and

  f. Plaintiff be granted such other and further relief as the equities of this case

may require and the Court may deem just and proper.

Upon entry of this proposed Order, Plaintiff shall be required to post bond in the amount of $5,000.00 pendente lite. A suitable order is attached.

The undersigned counsel declares under the penalties of 18 U.S.C. section 1001 that all facts set forth above are, on information and belief, true.

        Respectfully submitted,

        BLUE BELL INN, INC.

        By_____
        Frank J. Benasutti, Esquire
        Pennsylvania Attorney ID No. 04645
        Benasutti, P.C.
        One Boca Commerce Center
        551 N.W. 77th Street, Suite 111
        Boca Raton, FL  33487
        Tel.    561-994-5959
        Fax    561-994-5990
        email: IPTRIALS@aol.com